**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 25-1001**

---

JONG CHEON LEE,

        Plaintiff – Appellee,

v.

AGAPE HEALTH MANAGEMENT, INC.; DONG CHUL CHOI; SUN OK LEE,

        Defendants – Appellants.

---

**No. 25-1002**

---

HYE YOUNG SON; JAE MIN LEE; KYONG SIM CHE; MYEONG SUK CHOI; BO YOUNG LEE; YOON HEE OH; YOON JUNG YIM; SOONKUM PARK; HEESANG KIM; MYOUNG HUI MONTGOMERY,

        Plaintiffs – Appellees,

v.

AGAPE HEALTH MANAGEMENT, INC.; DONG CHUL CHOI; SUN OK LEE,

        Defendants – Appellants,

and

JEONG EUI LEE; HYE HYANG YI; TAE KWON OHM,

        Defendants.

---

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. William Edward Fitzpatrick, Magistrate Judge. (1:22-cv-00311-WEF; 1:20-cv-01047-WEF; 1:21-cv-00097-WEF; 1:21-cv-00408-WEF; 1:21-cv-00435-WEF; 1:21-cv-00696-WEF; 1:21-cv-00756-WEF)

---

Submitted: October 10, 2025                    Decided: November 25, 2025

---

Before GREGORY, HARRIS, and RICHARDSON, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** James Y. Victory, HANMI CENTER FOR JUSTICE, PLLC, Annandale, Virginia, for Appellants. Michael Hyunkweon Ryu, RYU & RYU, PLC, Vienna, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

Agape Health Management, Inc., and its officers appeal an award of attorney's fees and costs in two consolidated cases, totaling $372,963 in fees and $37,485 in costs. Finding no abuse of discretion in calculating these awards, we affirm.

The plaintiffs in these cases are eleven former employees of Agape, who sued the company and its officers in two separate actions for violations of the Fair Labor Standards Act. After years of pretrial proceedings and three settlement conferences mediated by the district court, the parties settled both disputes. Pursuant to the terms of their settlement agreements, the plaintiffs then petitioned for attorney's fees and costs.

In an oral ruling, the district court granted the plaintiffs' petitions in part. Although the plaintiffs had sought over $700,000 in attorney's fees, the court cut back substantially on that request, awarding a total of $380,000 in fees, as well as the full $39,632 in costs sought by the plaintiffs. Neither side was satisfied, and both appealed the rulings.

After hearing oral argument, this court vacated the awards, finding that the district court had not sufficiently explained the legal and factual bases for its rulings. *Lee v. Agape Health Mgmt., Inc.*, 2024 WL 3565309, at *4 (4th Cir. July 29, 2024). For instance, the district court had not discussed the "*Barber* factors," under which a court is to assess the reasonableness of attorney hours expended and the rate charged for those services. *Id.* at *2–3 (citing *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978)). Nor had it addressed some of the defendants' objections to the plaintiffs' proposed figures or explained why it adopted the plaintiffs' numbers over those objections. *Id.* at *3. Though the awards might well prove to be reasonable, we concluded, this lack of explanation

3

impeded meaningful appellate review. *Id.* at \*4. Accordingly, we vacated the awards and remanded for a reevaluation of the plaintiffs' fee petitions. *Id.*

On remand, the district court reconsidered the petitions in light of our decision, and again awarded fees and costs – this time, in the somewhat smaller amounts of $372,963 in total fees and $37,485 in total costs. The court issued a comprehensive written opinion in each of the two consolidated cases, applying all twelve of the *Barber* factors, setting forth detailed findings regarding the hours and rates at issue, and engaging closely with the parties' arguments at each step of the inquiry. *See Lee v. Agape Health Mgmt., Inc.*, 2024 WL 5121027, at \*3–14 (E.D. Va. Dec. 16, 2024); *Son v. Agape Health Mgmt., Inc.*, 2024 WL 5010410, at \*3–18 (E.D. Va. Dec. 5, 2024). Agape again appealed the awards.

We review awards of attorney's fees only for abuse of discretion, and they "must not be overturned unless [they are] clearly wrong." *Berry v. Schulman*, 807 F.3d 600, 617 (4th Cir. 2015) (citation and quotation marks omitted); *see McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013). We have reviewed the record and the parties' briefs in detail, and we discern no abuse of discretion here. The district court fully complied with our earlier decision in this case, applying the correct legal standard and thoroughly explaining its carefully considered findings. And the ultimate awards, we conclude, fall well within the district court's broad discretion.

Accordingly, we affirm the award of fees and costs in both consolidated cases. We dispense with a second oral argument in this long-running case because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*